# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Chalfonte Properties, Inc.,

        Plaintiff,        Case No. 18-cv-10979

v.        Judith E. Levy
        United States District Judge

Seattle Specialty Insurance
Services, Inc. and Underwriters at    Mag. Judge Mona K. Majzoub
Lloyd's, London,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [3]

On March 26, 2018, defendants Seattle Specialty Insurance Services, Inc. and Underwriters at Lloyd's, London timely removed this case from Macomb County Circuit Court. (Dkt. 1.) On April 2, 2018, defendants filed a motion to dismiss this case. (Dkt. 3.) Plaintiff Chalfonte Properties, Inc. has not responded to the motion.

For the reasons set forth below, this case will be dismissed, as it is time barred by the plain language of the contract between the parties.

## I. Background

On August 27, 2014, plaintiff entered into a residential and commercial property insurance contract with defendants. (Dkt. 1-2 at 5, 9-32.) The contract insured the subject property from September 8, 2014, to September 8, 2015. (*Id.* at 5.) On March 9, 2014, theft and vandalism occurred at one of the insured properties. (*Id.*) On August 22, 2014, plaintiff filed a claim for damages related to the theft and vandalism, as well as a long-term leak in the plumbing. (*Id.* at 6.) On January 21, 2016, defendants issued a check to plaintiff in the amount of $20,397.04. (*Id.*)

The contract states in a section entitled "Suit Against Us" that "[n]o action shall be brought unless there has been compliance with the Certificate provisions and the action is started within one year after the loss." (*Id.* at 27.) On February 9, 2018, plaintiff filed suit in Macomb County Circuit Court, asserting a single claim for breach of contract. (Dkt. 1-2.) Plaintiff alleges that defendants breached the insurance contract by failing to pay the actual cash value of its losses, which totaled more than $20,397.04. (*Id.* at 6.) On March 26, 2018, defendants timely removed this case to federal court. (Dkt. 1.)

Currently pending is defendants' motion to dismiss. (Dkt. 3.) The Court determines that oral argument is not necessary. E.D. Mich. Local R. 7.1(f)(2).

## II. Legal Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. Analysis

Under Michigan law, parties may contract around the six-year period of limitations applicable to breach of contract claims. *See Wineman v. Durkee Lakes Hunting & Fishing Club, Inc.*, 352 F. Supp. 2d 815, 820 (E.D. Mich. 2005) (collecting cases). "[A]n unambiguous contractual

provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v. Continental Ins. Co.*, 473 Mich. 457, 470 (2005). "Michigan has no general policy or statutory enactment which would prohibit private parties from contracting for shorter limitations periods than those specified by general statutes." *Id.* at 471. Express limitations periods in optional insurance contracts such as the one at issue here are enforceable, and the filing of a claim does not automatically toll the limitations period. *McDonald v. Farm Bureau Ins. Co.*, 480 Mich. 191, 200-01 (2008).

Here, plaintiff experienced a loss on March 19, 2014. The claim was submitted on August 22, 2014, and the claim was paid on January 21, 2016. The insurance contract required plaintiff to file suit within one year after the loss. Suit was filed on February 5, 2018.

Under the unambiguous terms of the contract, plaintiff was required to file suit on March 19, 2015, regarding defendants' breach of contract. However, plaintiff could not have filed suit regarding underpayment of a claim nearly a year before the claim was paid. There may be a colorable public policy argument that plaintiff should not be

4

made to abide by a contractual period of limitations that would require it to file suit before it had a cause of action (although plaintiff could have asserted a claim for non-payment rather than underpayment). However, the provision would be enforceable even if the Court construed it to limit actions to one year after the claim was paid, rather than after the loss occurred, because suit was filed over two years after the claim was paid.[1]

Plaintiff's breach of contract claim is time-barred by the plain language of the contract itself, and should have been asserted, at the latest, by January 21, 2017. Accordingly, this case is dismissed.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that:

Defendants' motion to dismiss (Dkt. 3) is GRANTED and this case is DISMISSED WITH PREJUDICE.

---

[1] It is also unclear from the complaint and the motion to dismiss how a contract signed on August 27, 2014, and in effect beginning on September 8, 2014, could cover a claim related to a loss when both the claim and the loss occurred before the contract was made or effective. Defendants do not, however, dispute the validity of the claim, and the Court will not reach the issue.

5

IT IS SO ORDERED.

Dated: May 8, 2018             s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 8, 2018.

                                           s/Shawna Burns
                                           SHAWNA BURNS
                                           Case Manager